## SCHUYLKILL ETC. R. CO. v. H. G. HARRIS.

ERROR TO THE COURT OF COMMON PLEAS NO. 2 OF PHILADEL-
PHIA COUNTY.

Argued January 31, 1889—Decided February 11, 1889.

1. An appeal by either party from the award of viewers in an assessment of damages, under the general railroad law (§11, act of February 19, 1849, P. L. 84; § 3, act of April 9, 1856, P. L. 288), operates for the benefit of both parties, and after the time within which it is to be taken has expired, it may not be withdrawn without consent.
2. Where, however, the court, at the instance of the appellant and after the time limited, has erroneously ordered an appeal to be withdrawn, report to be confirmed and judgment to be entered on the award, the other party is not entitled to enter an appeal nunc pro tunc, but the erroneous order will be vacated.
3. Brown v. Corey, 43 Pa. 495, followed; King v. Sloan, 1 S. & R. 77, and Hostetter v. Kaufman, 11 S. & R. 146, cases relating to an appeal from an award made under the arbitration law, distinguished.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILL-
IAMS, McCOLLUM and MITCHELL, JJ.

No. 79 January Term 1889, Sup. Ct.; court below, No. 773 December term 1885, C. P. No. 2.

On January 30, 1886, a petition was filed by the Schuylkill River East Side Railroad Company for the appointment of viewers to assess damages for the entry upon and occupation of the land of H. G. Harris, in the 26th ward, Philadelphia. On January 18, 1887, a report of viewers was filed awarding damages to H. G. Harris in the sum of $3,250, and on January 26th, Amanda G. Harris, to whom as the real owner of the land all damages had been assigned, entered an appeal from the award, and on March 16th, an agreement was filed for an issue on the appeal.

At the trial of the issue, beginning on February 7, 1888, before MITCHELL, J., the jury returned a verdict for the plaintiff for one cent damages. A motion and reasons for a new trial were filed and rule granted, which rule on April 23d was made absolute.

On April 28, 1888, on motion of the claimant, a rule was

granted to show cause why his appeal from the award of the viewers should not be withdrawn, and on June 7th, the following order was made: "So much of rule of April 28, 1888, as does not apply for leave to withdraw appeal and discontinue issue framed thereon, withdrawn;" but on June 8th, the rule to withdraw the appeal was made absolute, and the same day judgment was entered upon the award in favor of the claimant.[1]

On June 25, 1888, on motion of the railroad company, a rule was granted to show cause why they should not enter an appeal from the award, nunc pro tunc. An answer having been filed, this rule was discharged on October 10, 1888,[2] and on October 12th the claimant caused a writ of fieri facias to issue.

On October 18, 1888, on motion of the railroad company a rule was granted to vacate the order of June 14th confirming the report of viewers and entering judgment thereon, and that the writ of fieri facias be stayed. On October 31st the court set aside the writ of fieri facias and discharged the rule as to the other motions.*

Thereupon the railroad company took this writ, assigning as error, in substance:

1. The order of June 8, 1888, making absolute the rule to withdraw the appeal, confirming the report of viewers and entering judgment thereon.[1]

2. The order of October 10th, 1888, refusing to permit the company to enter an appeal from the report of the viewers nunc pro tunc.[2]

*Mr. Pierce Archer* (with him *Mr. Thad. L. Vanderslice* and *Mr. Lewis C. Cassidy*), for the plaintiff in error:

Cited: Brown v. Corey, 43 Pa. 495; Navigation Co. v. Blair, 20 Pa. 78; Martin v. Ives, 17 S. & R. 364; Felton v. Weyman, 10 Pa. 70; Seal v. Railroad Co., 1 Pears. 108.

*Mr. Francis E. Brewster* (with him *Mr. H. G. Harris*), for the defendant in error:

Cited: (1) As to an appeal from an award of viewers: § 3, act of April 9, 1856, P. L. 288; (2) as to an appeal from an award of arbitrators, by analogy: Act of March 20, 1810, 5

---

* The facts stated are gathered alone from the brief docket entries printed, none of the papers filed or orders made being presented in the paper books.

Sm. L. 131; King v. Sloan, 1 S. & R. 77; Hostetter v. Kaufman, 11 S. & R. 146; Moore v. Hamilton, unreported; Martin v. Ives, 17 S. & R. 364; McKennan v. Henderson, 5 W. & S. 371; Act of March 28, 1820, 7 Sm. L. 323; Sections 25, 33, act of June 16, 1836, P. L. 722, 724; Girard Bank v. Schuylkill Bank, 8 W. & S. 242.

OPINION, MR. JUSTICE McCOLLUM:

The material question presented by this record is, whether a party who appeals from an assessment of damages by viewers appointed under the general railroad law of February 19, 1849, may, after issue joined on the appeal by agreement of parties, a verdict in the issue on its merits, and a new trial ordered, withdraw the appeal without the consent of the opposite party, and have judgment on the report of viewers.

The law allows either party to appeal from the report of the viewers within thirty days from the filing of it, but is silent as to the effect of an appeal by one party upon the right and duty of the other. In Brown v. Corey, 43 Pa. 495, which was an issue framed on an appeal from an assessment of damages by viewers appointed under the lateral railroad law, it was held that the refusal of the court below to allow the appeal to be withdrawn, was not error, and it was said that " if one party appeals the other need not. The cause is tried de novo on the appeal, the appellant possessing no advantage over the appellee by reason of having entered the appeal. If the successful party may appeal, and after the twenty days have elapsed, discontinue his appeal, he may thereby deprive his adversary of the re-trial to which he is entitled. If such a practice were tolerated it would lead to oppression and fraud. It has long been the policy of our statutes to forbid the withdrawal of appeals from the awards of arbitrators without the consent in writing of the opposite party; and in Monongahela v. Blair, 20 Pa. 78, the same rule was applied to an assessment of damages in a corporation case. It is equally applicable to cases under the lateral railroad law." As the provisions of the general railroad law governing appeals differ from the provisions of the lateral railroad law on the same subject only in the time allowed for an appeal, Brown v. Corey, supra, would seem to be decisive of the question raised here.

But it is claimed by the defendant in error that authority for the action of the court below allowing the appeal to be withdrawn, and confirming and entering judgment upon the report of viewers, is found in King v. Sloan, 1 S. & R. 77, and in Hostetter v. Kaufman, 11 S. & R. 146. These were cases in which the status of an award after an appeal from it, and the appellant had suffered a voluntary nonsuit, was considered. The arbitration act, under which the award was made, expressly provided that the award should have the effect of a judgment until reversed on appeal, and it was determined that the entry of an appeal was not a reversal of the award. But for this provision of the statute the award would have been swept away by the appeal and nonsuit. In Martin v. Ives, 17 S. & R. 364, it is stated that the unreported case of Moore v. Hamilton "was a case of nonsuit," while in McKennan v. Henderson, 5 W. & S. 371, it was referred to as deciding "that upon an appeal from an award of arbitrators the appellant had a right to withdraw his appeal." All that we know of the case is derived from these references to it, in which the precise point determined by it does not appear.

The proceeding for the assessment of damages to the owner of land and materials taken or used in the construction of a railroad, is statutory. It may be instituted on the petition of the owner or of the railroad company. It must be had in the Court of Common Pleas of the proper county. If the parties to it are satisfied with the report of viewers and the court confirms it, judgment may be entered upon it, but if either party appeal from it, either party "may put the cause at issue in the form prescribed by said court and the same shall then be tried by said court and a jury." After appeal from it, the report of viewers is only a link in the progress of the proceedings to issue, and it has none of the effects or qualities of an award under the compulsory arbitration law. If it was within the purview of that law the appeal could not be withdrawn without the consent in writing of the opposite party, and a voluntary nonsuit would sweep away the entire proceedings. After appeal either party has a right to an issue and a trial by the court and jury, which cannot be destroyed by the act of the opposite party even though it be approved by the court. We think therefore that it was error to allow the appeal to be

withdrawn and to confirm and enter judgment on the report of viewers, and the specifications which relate to this action of the court below are sustained. The refusal of the court to allow the plaintiff in error to appeal nunc pro tunc was not error, and the specifications which allege it are not sustained.

The orders making absolute the rule to withdraw the appeal and confirming and entering judgment on the report of viewers are reversed.