## Vanderveen v. Commonwealth

*Michael Halliday*, for plaintiffs.
*David Lewis*, for defendant.

ACKER, J., March 28, 1968.—The issue for decision is whether a property owner may withdraw an appeal at pretrial in a condemnation case without the consent of the opposing party. This question has not been decided since the "Eminent Domain Code" of June 22, 1964, P. L. 84, was passed.

The facts are that a portion of the property owner's land was taken by the Commonwealth of Pennsylvania for widening and other improvements. The board of view awarded damages to plaintiffs in the amount of $4,000, filed in the prothonotary's office on August 29, 1967. On that same date an appeal was filed by the property owners on the sole ground that the award was inadequate. There was no "cross appeal" filed by the Commonwealth. Following a pretrial conference on September 27, 1967, where the case was continued from the October trial term, the property owners filed

a petition for a rule to show cause why appeal may not be withdrawn by plaintiff. In that petition plaintiff claimed that at the pretrial conference they agreed to accept $4,000 in full satisfaction of the damages and attempted to withdraw their appeal. The Commonwealth denied the allegations that there was any agreement and instead alleges that it has refused to pay and continues to refuse to pay the $4,000. The property owners did not request that testimony be taken to support the allegations of their petition and, for the purpose of this opinion, it is not assumed that there was any agreement between the parties, but is taken as a fact that plaintiff desired to accept the $4,000, which the Commonwealth refuses to pay. It is clear that the law did not permit a party to withdraw an appeal at least up to the Eminent Domain Code of 1964. The first case passing upon this general question is Monongahela Navigation Company v. Blair, 20 Pa. 71 (1852), there it was held, at page 79, "We are of opinion that the appeal cannot be withdrawn, except by consent".

Our Supreme Court in 1862 decided Brown v. Corey & Peterson, 43 Pa. 495, noting that on appeal a condemnation case is tried de novo and the appellant possesses no advantage over the appellee by reason of having entered the appeal. Commenting on the problem presently before this court, at page 503:

"If the successful party may appeal, and, after twenty days have elapsed, discontinue his appeal, he may thereby deprive his adversary of the retrial to which he is entitled. If such a practice were tolerated it would lead to oppression and fraud. It has long been a policy of our statutes to forbid the withdrawal of appeals from awards of arbitrators without the consent in writing of the opposite party. . . ."

The Supreme Court in Schuylkill Railroad Company v. Harris, 124 Pa. 215, (1889), reaffirmed Brown v.

Corey & Peterson, supra, and Monongahela v. Blair, supra, stating that the principles there anounced are equally applicable under the "Lateral Railroad Law" then before the court.

The principle that a party who has appealed may not withdraw his appeal without the written consent of the other was used by the Lancaster County courts in Wohlsen v. City of Lancaster, 1 Lanc. 25 (1883), to refuse a party permission to withdraw without the consent of the other.

What is there in the present Eminent Domain Code of 1964 to support a contrary position? The property owners contend that in some manner merely because the cases in point are hoary with age they must, therefore, be disregarded. In addition they contend that:

"It must, therefore, be conclusively presumed that since the Commonwealth did not file an appeal, it was satisfied with the award of the Board of Viewers and cannot be considered an aggrieved party. Since the Commonwealth is not an aggrieved party, it must be presumed to be satisfied with the award and can hardly be in position to object to the withdrawal of the appeal by the plaintiff". These arguments are not accepted as valid.

The reference to being an aggrieved party is from section 1-515 of the Eminent Domain Code, 26 PS §1-515, which uses this language: "Any party *aggrieved* by the decision of the viewers may appeal to the court of common pleas within thirty days from the filing of the report . . ." Although all of the statutes permitting appeal in the various governmental condemnations have not been reviewed, it would appear that the word "aggrieved" is not a common term.[1]

---

[1] The County Code of August 9, 1955, P. L. 323, sec. 2423, 16 PS §2423, uses "any party interested may, within thirty days thereafter, file exceptions to the same. . . ."

Bouvier's Law Dictionary defines an aggrieved person as one "having a grievance, or suffering a loss . . . One cannot be said to be aggrieved unless error has been committed against him . . ."

Atlee Estate, 406 Pa. 528 (1962), at page 532, states: "A party is 'aggrieved' when he is directly and adversely affected by a judgment, decree or order and has some pecuniary interest which is thereby injuriously affected".

It appears, therefore, that the word "aggrieved" does not control the present question, but only determines who has the right to file an appeal. It would appear clear that if the Commonwealth had desired to appeal and alleged that the viewers' award was excessive it likewise would have a right to appeal. Therefore, the basic question remains, if one party appeals and not the other, can it be assumed that the non-appealing party is satisfied with the decision of the board of view?

. In addition to the cases decided prior to the Eminent Domain Code of 1964, some assistance may be gathered from the language of the code itself. First, by section 1-515, 26 PS §1-515: "If a condemnee having less than the entire interest in the condemned property appeals the award to him, the condemnor shall have an additional fifteen days to appeal the entire award". Second, by section 1-516(5)(c): "No other pleadings shall be required and the cause shall be deemed at issue" following the filing of the appeal papers. The former procedure of requiring exceptions was, therefore, removed by the code.[2] Third, by section 1-516, 26 PS §1-516(5):

"If the appellant desires a jury trial, he shall at the time of filing the appeal, endorse thereon, or file separately, a written demand for jury trial. . . . If no

[2] 26 PS §1-516, at page 29, under Comments—Joint State Government Commission 1964 Report.

demand for jury trial is made by the appellant, any other party may file a written demand for jury trial within fifteen days after being served with a copy of the appeal".

Fourth, by the Comments of the Joint State Commission 1964 Report, 26 PS §1-516, it is noted that "under subsection (c) the case will automatically be at issue on appeal and it will not be necessary to file a praecipe to have the case placed at issue".

Therefore, although not expressly stated, the import of the sections dealing with appeal appear to be designed to bring the matter to trial without any action by the nonappealing party, thereby continuing the established law that a party may not withdraw an appeal without the consent of the opponent.

In addition, the theory of appeal is to have all matters litigated by one appeal. It has been held by the Pennsylvania Supreme Court that a single appeal from an award, even though there are different interests involved in that award, to the court of common pleas is sufficient: Philadelphia Redevelopment Authority Appeal, 413 Pa. 339 (1964).

Wherefore, it is the opinion of this court that the property owners may not withdraw their appeal and that the matter should be set down for trial.

ORDER

And now, March 28, 1968, it is hereby ordered and decreed that the rule to show cause why the appeal filed on behalf of defendants may not be withdrawn is dismissed.