Vivian O. Farrington, Ronald J. Farrington and Bruce J. Farrington, Appellants *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued April 6, 1978, before Judges Wilkinson, Jr., Blatt and DiSalle, sitting as a panel of three.

*Gregory J. Dean,* for appellants.

*Martin Burman,* Special Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General—Chief Counsel, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE DISALLE, May 19, 1978:

This is an appeal by Vivian O. Farrington, Bruce J. Farrington, and Ronald J. Farrington (Condemnees), from an order of the Court of Common Pleas of Montgomery County granting the petition of the Commonwealth of Pennsylvania, Department of Transportation (Condemnor) to strike the Condemnees' praecipe to withdraw their appeal from the award of the Board of View.

On May 12, 1971, a declaration of taking was filed by Condemnor condemning 2.79 acres of land owned by Condemnees. A view and hearing was held before a Board of View on February 14, 1974, at which Condemnees produced evidence of damages of $29,000 and Condemnor damages of $11,600. On March 5, 1974, the Board of View entered an award of $23,250, and, on March 6, 1974, Condemnees filed an appeal to the Court of Common Pleas. Condemnor did not appeal the award. On May 25, 1976, after obtaining new counsel who advised them to accept the Viewer's award, Condemnees filed a praecipe to withdraw their appeal. This was countered by Condemnor's petition to strike the withdrawal, which was subsequently granted by the lower court.

We are faced with the narrow question of whether a party who has appealed from an award of a Board of View may, under the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. 1-101 et seq., withdraw the appeal ex parte.

A vintage line of cases, decided by our Supreme Court and relied on by Condemnor, indicate that an appeal may not be withdrawn unilaterally. The first reference to this general question is found as dicta in *Monongahela Navigation Co. v. Blair*, 20 Pa. 71, 79 (1852), wherein it was stated, "[W]e are of opinion that the appeal cannot be withdrawn, except by consent." Facing the question squarely in *Brown v. Corey & Peterson*, 43 Pa. 495 (1863), an appeal by condemnee from an award by viewers appointed under the Lateral Railroad Law,[1] the Supreme Court held the refusal of the court below to allow the appeal to be withdrawn was not error. The Court opined:

> [I]f one party appeals the other need not. The cause is tried *de novo* on the appeal, . . . If the successful party may appeal, and, after the twenty days have elapsed, discontinue his appeal, he may thereby deprive his adversary of the retrial to which he is entitled. If such a practice were tolerated it would lead to oppression and fraud.

43 Pa. at 503.

Thereafter, the Court, in *Schuylkill Etc. Railroad Co. v. Harris*, 124 Pa. 215, 16 A. 838 (1889), relying on *Brown v. Corey & Peterson, supra*, as being decisive of the question before it—whether under the general railroad law a party who appeals from an assessment of damages by viewers may withdraw the appeal without the consent of the opposite party, and have judg-

---

[1] Act of May 5, 1832, P.L. 501, *as amended*, 67 P.S. §781.

ment on the report of the viewers—held it to be error on the part of the court below to allow the appeal to be withdrawn. Although at first blush these cases appear to be dispositive of the question presently before this Court, we conclude that a contrary result is dictated.

In light of recent decisional law under the Eminent Domain Code, the principle underlying the Supreme Court's decision in *Brown v. Corey & Peterson, supra,* that the appeal of one party enures to the benefit of the non-appealing party, is no longer valid.[2] In *Exxon Corp. v. Department of Transportation,* 10 Pa. Commonwealth Ct. 301, 312 A.2d 121 (1973), we held that neither the appeal by a lessor-condemnee nor the appeal by the condemnor from an award of a board of view under the Eminent Domain Code operated as an appeal of the award by the lessee-condemnee.[3] In ruling that the condemnor had not complied with Section 516(a) of the Eminent Domain Code, 26 P.S. §1-516 (a), in that its appeal did not name the lessee-condemnee, did not describe or identify the lessee-condemnee or its interest, and did not refer to the docket number of the award of the lessee-condemnee, this Court determined that the lessee-condemnee was not a party to

---

[2] Our research reveals one additional case relative to this issue. In *Vanderveen v. Commonwealth,* 44 Pa. D. & C. 2d 618 (1968), the Common Pleas Court of Mercer County held that an appeal by a condemnee from an award of a board of view may not be withdrawn at a pretrial conference without the consent of the Commonwealth, the opposing party. Although decided under the Eminent Domain Code, this case is not persuasive.

[3] Under Section 515 of the Eminent Domain Code, 26 P.S. §1-515, the appeal by the lessor-condemnee did serve to extend to the condemnor additional time in which to appeal since it is provided *inter alia*:

> If a condemnee having less than the entire interest in the condemned property appeals the award to him, the condemnor shall have an additional fifteen days to appeal the entire award.

the appeal. By implication, therefore, we recognized that the appeal by the condemnor did not enure to the benefit of the lessee-condemnee.

The same view can also be seen in *Hineline v. The General State Authority,* 15 Pa. Commonwealth Ct. 44, 49, 324 A.2d 817, 820 (1974), where we stated that both the condemnor and the condemnee "had an equal opportunity *and obligation* to file an appeal" if either was dissatisfied with the award filed by the Board of View. (Emphasis added.) If any "party aggrieved"[4] has an opportunity to appeal such an award, his failure to do so should not result in his being permitted to later remedy his oversight by attempting to bar the party who has appealed from withdrawing the appeal. If he is not "aggrieved," then he is in no worse position, if the appeal is withdrawn, than if it were never perfected in the first place. Nor should he be heard to claim that the withdrawal of the appeal results in prejudice. If any prejudice can be said to have resulted, certainly it was caused solely by his own lack of diligence.

The rule of *Brown v. Corey & Peterson, supra,* predated the passage of the Eminent Domain Code. Since the passage of this legislation we find no reason for the continuing vitality of that rule. In interpreting the Code we must ascertain and effectuate the intention of the General Assembly. 1 Pa. C.S.A. §1921(a). In light of its comprehensive treatment of all aspects of condemnation, if the legislature had intended that appeals from awards of boards of view could be withdrawn only with the consent of the opposing party, it could

---

[4] Section 515 of the Eminent Domain Code, 26 P.S. §1-515, provides *inter alia*:

Any party aggrieved by the decision of the viewers may appeal to the court of common pleas within thirty days from the filing of the report.

have so provided. The legislature did so provide in dealing with appeals from awards of arbitrators.[5] While we recognize that an award under compulsory arbitration differs from that under condemnation in that judgment may be entered immediately on an arbitrators' award, whereas judgment is entered on a viewers' award only if no appeal is taken within the statutory period, for our purposes, this is a distinction without a difference. In not imposing limitations on the withdrawals of appeals under the Eminent Domain Code, it seems clear that the legislature did not intend that any exist.

In addition, our Rules of Appellate Procedure reflect the liberal right accorded appellants in discontinuing appeals. Pa.R.A.P. 1973(a) provides:

> An appellant may discontinue an appeal or other matter as to all appellees as of course at any time prior to argument, or thereafter by leave of court upon application. . . .

The fact that eminent domain cases are heard *de novo* in the court of common pleas should not affect the right of an appellant to withdraw his appeal without the consent of the opposite party.

Our final point concerns the administration of justice. Our courts are being inundated with an ever increasing number of cases, especially appeals. We are continually seeking ways to alleviate this burden without compromising the rights of litigants. Consequently, when presented with a procedure which arbitrarily and unnecessarily increases the courts' involvement, we should hasten to abolish it. To decide that a party may not withdraw his appeal without the

---

[5] It is provided therein: "No appeal . . . shall be withdrawn, without the consent, in writing, of the opposite party first had and obtained, . . . ." Act of June 16, 1836, P.L. 715, *as amended*, 5 P.S. §81.

consent of his opponent is in direct contravention of this policy.

It is the opinion of this Court, therefore, that Condemnees may withdraw their appeal. We reverse.

ORDER

AND Now, this 19th day of May, 1978, the order of the Court of Common Pleas of Montgomery County is hereby reversed. The praecipe to withdraw the appeal filed by Vivian O. Farrington, Bruce J. Farrington, and Ronald J. Farrington, is reinstated, and the appeal discontinued.