Harold X (Smith), Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole and Department of Justice, Bureau of Corrections, Respondents.

Submitted on briefs June 17, 1980, to President Judge CRUMLISH and Judges WILKINSON, JR., MENCER, ROGERS, BLATT, CRAIG, MACPHAIL and WILLIAMS, JR.

*Harold X. (Smith),* for himself, petitioner.

*Robert A. Greevy,* Assistant Attorney General, with him *Harvey Bartle, III,* Acting Attorney General, for respondents.

OPINION BY JUDGE CRAIG, August 26, 1980:

Harold X (Smith), petitioner, has filed a petition for review in the nature of mandamus seeking to overturn the action of the Pennsylvania Board of Probation and Parole (board) in recommitting him as a convicted parole violator. The sole issue presented by the parties' cross-motions for summary judgment is the timeliness of petitioner's full revocation hearing.

While on parole from an earlier sentence, petitioner was arrested in Philadelphia on March 9, 1973 on

new criminal charges. Petitioner was convicted on the new charges on May 20, 1974, and was confined in the Philadelphia County Prison to await sentencing.

On January 15, 1975, petitioner was sentenced to two concurrent terms of 10 to 20 years. On January 24, 1975, he was received at the State Correctional Institution at Graterford.

A full parole revocation hearing was conducted on March 20, 1975, after which he was recommitted based on the new conviction.

Petitioner's full revocation hearing was indeed timely because 37 Pa. Code §71.4(2)(i) provides pertinently that

[i]f the parolee is confined . . . in a county correctional institution where the parolee has not waived the full Board Revocation Hearing . . . the final Revocation Hearing shall be held within 120 days of the official verification of the Board of the return of parolee to a State correctional facility.

Because petitioner was not returned to a state correctional facility until January 24, 1975 (after sentencing on the new conviction), official verification of that return could not have been made any earlier than that date.

The revocation hearing, held March 20, 1975, is plainly within 120 days of the earliest possible date on which his return could have been verified (January 24, 1975).

Accordingly, we will deny petitioner's motion for summary judgment, and will grant the respondent board's cross-motion for summary judgment.

## Order

And Now, this 26th day of August, 1980, petitioner's motion for summary judgment is denied, and the respondent's cross-motion for summary judgment is

granted; accordingly, judgment shall be entered in favor of the Pennsylvania Board of Probation and Parole.