## The Land and Properties of Caroline J. Reber v. Dettore

*Thomas N. Cooper,* for plaintiff.

*James A. Cunningham,* for defendant Henry Tschudy.

KELLER, *J.,* October 3, 1989 — This matter involves proceedings to confirm a private road under 36 P.S. §2731 et seq. filed by Caroline J. Reber and the entry of a final decree on July 17, 1989 by virtue of a praecipe filed by Reber to withdraw her appeal and enter final decree nisi.

On August 25, 1989 this court denied defendant Tschudy's petition to strike praecipe to withdraw appeal and interim decree to strike an open final decree and to declare proceedings void and of no effect. Defendant Tschudy has filed an appeal. This opinion is in support of an order, pursuant to Pa.R.A.P. §1925.

Defendant raises six issues in his statement of matters complained of on appeal,[1] all of which

---

1. (a) That the private road of plaintiff remained physically unopened for more than five years after the entry of the final decree confirming said road and therefore should have reverted back to defendants.

(b) The appeal of plaintiff, Reber, was limited to the issue of damages, and therefore, failure to conclude that judgment entered to 403 July 1981 J.D. was the "final decree confirming said road" amounted to error.

(c) Failure to strike open the praecipe to withdraw appeal and enter final decree of July 31, 1989 was error because:

(1) Proper notice of the praecipe was not given to other parties.

(2) The private road was never physically opened within the five-year period under the applicable statute.

(3) The proceedings are irregular insofar as the case should have been terminated by the prothonotary due to the case's inactivity for two years; likewise, the Board of View's reports have not yet all been filed. Additionally, no notes of the testimony presented to the Board of View are available.

(4) Plaintiff should not be permitted to unilaterally withdraw her appeal of the Board of View findings.

relate to defendant's claim that the court erred in denying his petition to strike praecipe to withdraw.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Caroline J. Reber, is the owner of certain real property situate within the Township of Robeson by virtue of a deed recorded in Berks County Records on or about June 22, 1964, in Deed Book volume 1448, page 5. Plaintiff is now. and has always been unable to gain access to her property via Pa. Route no. 82 due to the fact that the aforementioned real estate is landlocked by certain real estate belonging to and owned by defendants to the original action. As a result thereof, plaintiff, on or about August 18, 1980 petitioned the Court of Common Pleas of Berks County for the appointment of a Board of Viewers to view the premises and lay out such private road appropriate to allow plaintiff ingress and egress to and from her property and to make a report thereon.

On December 30, 1980 the Board of Viewers made a view of the premises, and at a final hearing held June 24, 1981 the board found that the laying out of a private road was appropriate. Additionally, testimony was introduced relative to the damages suffered by the respective defendants; said

(5) Plaintiff delayed in this matter since the filing of her appeal and filed to prosecute this action.

(d) It was error for the court to deny the petition of appellant, filed July 25, 1989 without a hearing.

(e) Damages determined are insufficient and/or delay damages should have been added.

(f) The private road, located as proposed, is not necessary and should not be confirmed.

2. The court granted defendant leave to include in his matters complained of on appeal any alleged error by virtue of the court's order of August 25, 1989 as a matter of judicial economy.

findings were subsequently included in the board's final report and consisted of the following awards: Henry and Brenda Tschudy, $1,000; John and Erma Slipp, $500; Clara A. Wolfe, $500; Lottie Dettore, $1,700.[3]

Thereafter, on or about August 24, 1981, plaintiff appealed from the report of the Board of View. No other parties, including defendant, filed an appeal. A praecipe to withdraw plaintiff's appeal of August 24, 1981 was filed July 17, 1989 on behalf of plaintiff and the decree nisi of July 27, 1981 was entered as a final decree.

## DISCUSSION

Although defendant Tschudy raises several issues, this court deems that the crucial issue is whether the praecipe to withdraw the appeal and enter the decree nisi of July 27, 1981 as a final decree may be entered unilaterally and operates to conclude these proceedings.

There are no cases which have decided this issue relative to proceedings for confirmation of a private road. However, there is authority under the Eminent Domain Code which this court finds controlling and dispositive of the issue. In *Farrington v. Commonwealth, Department of Transportation,* 35 Pa. Commw. 373, 387 A.2d 136 (1977), the Commonwealth Court explicitly ruled that a party appealing a Board of View decision may unilaterally withdraw the appeal and such withdrawal will conclude the proceedings in instances where the other parties to the Board of View findings failed to file their own appeals. The *Farrington* case

3. The docket reflects that the judgments in favor of Wolfe and Slipp were satisfied on September 17, 1988.

was affirmed per curiam by the Supreme Court of Pennsylvania at 489 Pa. 400, 414 A.2d 128 (1980).

We find the language of the *Farrington* decision to be particularly instructive:

"If any party aggrieved has an opportunity to appeal such an award, his failure to do so should not result in his being permitted to later remedy his oversight by attempting to bar the party who has appealed from withdrawing the appeal. If he is not aggrieved, then he is in no worse position, if the appeal is withdrawn, than if it were never perfected in the first place. Nor should he be heard to claim that the withdrawal of the appeal results in prejudice. If any prejudice can be said to have resulted, certainly it was caused solely by his own lack of diligence." *Farrington, supra.*

The Supreme Court of Pennsylvania has failed to overrule *Farrington* although it has declined to expand the rule enunciated to instances where there has been a jury determination after the initial appeal from the Board of View. *Bosacco v. Redevelopment Authority*, 500 Pa. 519, 458 A.2d 933 (1983). This is not the situation present sub judice.

Although *Farrington* concerned proceedings under the Eminent Domain Code, the instant proceedings are sufficiently similar for the logic of *Farrington* to be applied to an action filed to confirm a private road. Defendant has raised several issues concerning the regularity of the Board of View proceedings in that there may be some confusion as to whether the board entered two separate decrees, initially confirming the road and subsequently determining damages on July 27, 1981 or whether the report confirmed nisi by the late Judge Saylor on July 27, 1981 was a determination of both

the necessity for the road and damages. These issues are of no merit due to the failure of defendant Tschudy to file any appeal whatsoever, nor to take action to dispose of the merits of the case prior to the praecipe to withdraw, filed by plaintiff eight years later. Again the language of the Commonwealth Court in *Farrington* speaks to the difficulties presented for a fair resolution of this proceeding if we granted defendant's petition.

"Our courts are being inundated with an ever-increasing number of cases, especially appeals. We are continually seeking ways to alleviate this burden without compromising the rights of litigants. Consequently, when presented with a procedure which arbitrarily and unnecessarily increases the courts' involvement, we should hasten to abolish it. To decide that a party may not withdraw his appeal without the consent of his opponent is in direct contravention of this policy." *Farrington, supra.*

In this case the complaining party has failed to preserve his complaints by not initially appealing, sat on his hands for years and now demands that the entire proceedings be reviewed eight years later when no compelling reasons can be shown to deviate from the generally accepted above proposition.

The other issues raised by defendant are disposed of by this court's determination that the praecipe to withdraw the appeal need not have been obtained with the consent of defendant Tschudy and therefore was effective immediately to conclude these proceedings.

For the above reasons, we believe our decision should be affirmed.