COMMONWEALTH of Pennsylvania,
Appellee

v.

Troy Allen BEAM, Appellant.

Superior Court of Pennsylvania.

Argued Jan. 9, 2007.
Filed April 16, 2007.
Reargument Denied June 8, 2007.

Paul J. Toner, Media, for appellant.

Michelle H. Sibert, Asst. Dist. Atty., Carlisle, for Com., appellee.

BEFORE: BENDER, BOWES and COLVILLE *, JJ.

OPINION BY BENDER, J.:

¶ 1 Troy Allen Beam appeals from the judgment of sentence, consisting of fines, imposed following his convictions on two counts each of the following summary offenses: (1) under the Dog Law, at 3 P.S. § 459-201 ("Applications for dog licenses; fees; penalties"), for failing to have his dogs properly licensed; and (2) under the Rabies Prevention and Control in Domestic Animals and Wildlife Act, at 3 P.S. § 455.8 ("Vaccination required; certificate and tag"), for failing to have his dogs properly vaccinated. Appellant challenges the sufficiency of the evidence pertaining to these summary convictions. We affirm in part and reverse in part.

¶ 2 A factual summary of this case follows. On December 1, 2005, Paul Bixler went to Appellant's residence at 401 Shippensburg Road to repair a copy machine.

N.T. Trial, 5/30/06, at 4. Appellant let Mr. Bixler into the house, and, as Mr. Bixler explained, "I fixed the copier, and then when we were completed, he let me out the door, and that's when his three [German Shepherd] dogs came running at me." *Id.* at 5. One of the dogs bit Mr. Bixler's leg, and another one jumped up on Mr. Bixler, who stuck his arm in the dog's mouth. *Id.* at 6. The third dog was headed toward Mr. Bixler when Appellant "came out of the house and stopped them, which they stopped instantly." *Id.* Mr. Bixler had not provoked the dogs and had not been arguing with Appellant. *Id.*

¶ 3 Mr. Bixler went to the emergency room for treatment. *Id.* at 7. Although he did not require stitches, he did get a tetanus shot. *Id.*

¶ 4 The Department of Health notified the dog warden, Donald Newman, of the dog bite incident. *Id.* at 9. In conducting his investigation, Warden Newman went to Appellant's house shortly after the incident, but could not get onto the property, as it was surrounded by a fence. *Id.* at 10. Accordingly, Warden Newman "had the Bureau of Dog Law submit a letter to [Appellant] regarding his obligations as a dog owner to notify [Warden Newman] and cooperate with [him] regarding the dogs involved so they could be properly quarantined under the Rabies Law Act." *Id.* However, still unable to get access to the property, Warden Newman could not quarantine the dogs. *Id.* at 11. He sent another letter and made several phone calls to Appellant. *Id.*

¶ 5 After ten days, Warden Newman told Mr. Bixler that he was unable to quarantine the dogs and, therefore, they could not determine whether the dogs had been vaccinated against rabies prior to the incident. *Id.* at 7, 11. Thus, Warden

---

* Retired Senior Judge Assigned to the Superior Court.

Newman recommended that Mr. Bixler receive a series of rabies shots, which he did. *Id.* at 7.

¶ 6 Also in conducting his investigation, Warden Newman checked with Cumberland County's treasurer's office and determined that there was nothing on record with regard to licenses for the dogs. *Id.* at 12.

¶ 7 After a trial before district magistrate Harold E. Bender, Appellant was found guilty of the above-noted offenses. However, after the proceeding, Judge Bender ordered Warden Newman "to go back and do a follow-up to make sure if [Appellant] had gotten any licenses on the animals, and [Warden Newman] got cooperation from [Appellant] at that time." *Id.* at 13. Appellant provided Warden Newman with two dog licenses for 2006; however, Warden Newman noted that the incident had occurred in 2005 and that Appellant did not produce any 2005 dog licenses. *Id.*

¶ 8 Appellant also showed Warden Newman certificates as evidence that the dogs did receive their rabies vaccinations. *Id.* at 13, 17. However, according to Warden Newman, Appellant's cooperation came too late, as Mr. Bixler "had already went [sic] through the series of rabies shots when it wouldn't have been necessary." *Id.* at 13.

¶ 9 Appellant took a summary appeal to the Court of Common Pleas, and he appeared for *de novo* trial before the Honor-able Edgar B. Bayley on May 30, 2006. Judge Bayley found Appellant guilty, again on all four citations. On the same date, Judge Bayley sentenced Appellant to pay a fine of $100.00 on each of the license violations and $25.00 on each of the vaccination violations. Appellant filed a motion for post trial relief on June 8, 2006. However, Judge Bayley, noting that there are no post trial motions in summary cases, entered an order on June 15, 2006, indicating that he would not take action on the motion.

¶ 10 Appellant filed a notice of appeal to this Court on June 22, 2006.[1] Pursuant to the Judge Bayley's order, Appellant filed a timely concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

¶ 11 Appellant presents the following "Statement of the Questions Involved," in his brief, which issues were properly preserved:

I. WHETHER THE COMMONWEALTH MET ITS BURDEN OF PROOF BY ESTABLISHING, BEYOND A REASONABLE DOUBT, THAT MR. BEAM VIOLATED EVERY ELEMENT OF SECTION 8 OF THE RABIES PREVENTION AND CONTROL IN DOMESTIC ANIMALS AND WILDLIFE ACT?

. . .

---

1. We note that some appeals from summary convictions under the Dog Law and/or the Rabies Prevention and Control in Domestic Animals and Wildlife Act have been brought in the Commonwealth Court, *e.g., Commonwealth v. Lopez,* 908 A.2d 991 (Pa.Cmwlth. 2006), while others, like the instant case, have been appealed to our Court, *e.g., Commonwealth v. Glumac,* 717 A.2d 572 (Pa.Super.1998). Additionally, the Commonwealth, as appellee, has not objected to this Court's jurisdiction. *See* Pa.R.A.P. 741(a) ("The fail-ure of an appellee to file an objection to the jurisdiction of an appellate court on or prior to the last day under [our Rules of Appellate Procedure] for the filing of the record shall, unless the appellate court shall otherwise order, operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provision of law vesting jurisdiction of such appeal in another appellate court."). Accordingly, we are satisfied that this Court has proper jurisdiction over this appeal.

II. WHETHER THE COMMONWEALTH MET ITS BURDEN OF PROOF BY ESTABLISHING, BEYOND A REASONABLE DOUBT, THAT MR. BEAM VIOLATED EVERY ELEMENT FOUND IN SECTION 201 OF THE DOG LAW?

Appellant's brief at 4.

 ¶ 12 Initially, we recognize that "[w]hen a defendant appeals after the entry of a guilty plea or a conviction by an issuing authority in any summary proceeding, upon the filing of the transcript and other papers by the issuing authority, the case shall be heard *de novo* by the judge of the court of common pleas sitting without a jury." Pa.R.Crim.P. 462(A). " 'De novo' review entails, as the term suggests, full consideration of the case anew. The reviewing body is in effect substituted for the prior decision maker and redecides the case." *Rebert v. Rebert*, 757 A.2d 981, 984 (Pa.Super.2000) (citation omitted). Also, as Appellant's issues challenge the sufficiency of the evidence, we note our applicable standard of review, which is "whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to enable the factfinder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt." *Commonwealth v. Eichinger*, 591 Pa. 1, 16, 915 A.2d 1122, 1130 (2007).

 ¶ 13 In his first issue, Appellant challenges the sufficiency of the evidence presented to convict him under section 455.8 of the Rabies Prevention and Control in Domestic Animals and Wildlife Act, which requires, in pertinent part, that "[e]very person living in this Commonwealth, owning or keeping a dog or cat over three months of age, shall cause that dog or cat to be vaccinated against rabies." 3 P.S. § 455.8. We interpret statutes in accordance with their plain meaning. *Commonwealth v. Tomey*, 884 A.2d 291, 294 (Pa.Super.2005). Thus, in general, to sustain a conviction under section 455.8, the Commonwealth must present sufficient evidence to establish that the defendant is a person living in the Commonwealth, that the defendant owns or keeps a dog or cat over three months of age, and that the defendant has failed to have the dog or cat properly vaccinated against rabies, in accordance with the provisions of the statute.

¶ 14 Appellant argues in this appeal that the Commonwealth failed to present sufficient evidence to establish that the dogs were not properly vaccinated. Indeed, as noted above, *after* the trial in front of Judge Bender in the magisterial court, but *before* the trial in the Court of Common Pleas in front of Judge Bayley, Warden Newman was finally able to contact Appellant, who provided Warden Newman with proof of vaccination for the dogs. N.T. at 13. Indeed, Warden Newman further testified that he got total cooperation from Appellant at that time but it was too late because Mr. Bixler "had already went through the series of rabies shots *when it wouldn't have been necessary.*" *Id.* (emphasis added). This latter testimony establishes the inference that, based on the rabies certificates seen by Warden Newman, he was satisfied that the dogs had been properly vaccinated at the time they attacked Mr. Bixler. Moreover, the Commonwealth failed to present any contrary evidence to establish that the dogs were not vaccinated at the relevant time. Accordingly, there was insufficient evidence to establish that the dogs were not properly vaccinated against rabies at the time they attacked Mr. Bixler. Therefore, we reverse the judgment of sentence, consist-

ing of two fines of $25.00 each, imposed under section 455.8.[2]

¶ 15 However, the evidence was sufficient to sustain Appellant's convictions on two counts of violating section 459–201 of the Dog Law for failing to have his dogs properly licensed. This statute provides, in pertinent part, that "on or before January 1 of each year ... the owner of any dog, three months of age or older, except as hereinafter provided, shall apply to the county treasurer of his respective county ... for a license for such dog." 3 P.S. § 459–201(a). Appellant claims that the Commonwealth failed to present sufficient evidence to establish that he was the owner of the dogs, that the dogs were unlicensed, or that they were three months of age or older.

¶ 16 In evaluating sufficiency issues, "we bear in mind that: the Commonwealth's burden may be sustained by means of wholly circumstantial evidence; the entire trial record is evaluated and all evidence received against the defendant considered; and the trier of fact is free to believe all, part, or none of the evidence when evaluating witness credibility." *Commonwealth v. Markman,* 591 Pa. 249, 270, 916 A.2d 586, 598 (2007).

¶ 17 The evidence presented created a strong inference, which the trial court could properly rely upon, that Appellant was the owner of the dogs. The Dog Law provides the following definition of "owner": "[w]hen applied to the proprietorship of a dog, includes every person having a right of property in such dog, and every person who keeps or harbors such dog or has it in his care, and every person who permits such dog to remain on or about any premises occupied by him." 3 P.S. § 459–102. As noted in the recitation of facts above, Mr. Bixler arrived at Appellant's home to fix a copier, three German Shepherds that were in Appellant's fenced-in yard attacked Mr. Bixler, the dogs apparently listened to Appellant's commands and ceased the attack, and Appellant later provided documentation regarding these dogs to Warden Newman. Additionally, the trial court could properly infer that the dogs were over three months of age, based

---

**2.** Similarly, Judge Bayley recognized the insufficiency of the evidence in his opinion filed pursuant to Pa.R.A.P.1925(a):

> Upon reflection, it appears that Newman was testifying as to what occurred when [Appellant] showed him proof of rabies certificates after the trial before the Magisterial District Judge.... He did not testify that the rabies certificates he was shown ... were not issued until after Bixler was bitten on December 1, 2005. By stating that it would not have been necessary for Bixler to have the rabies shots, we infer that the dogs were vaccinated against rabies before Bixler was attacked. Accordingly, the evidence was insufficient to support the convictions for violating Section 455.8(a) of the Rabies Prevention and Control in Domestic Animals and Wildlife Act.

Trial Court Opinion, 1/13/06, at 4. However, we note the inequities of the fact that Mr. Bixler did have to go through a series of rabies shots just because Warden Newman could not reach Appellant for a period of time after the incident and could not determine with any certainty whether the dogs had been vaccinated against rabies. Nevertheless, as must view the case *de novo* with regard to what was presented at the trial before Judge Bayley, we are unable to conclude that the Commonwealth presented sufficient evidence that the dogs were not properly vaccinated at the relevant time, given Warden Newman's testimony and the plain language of the statute. It would be within the purview of the legislature to amend or revise the statute to guard against the kind of situation where a dog owner either ignores the dog warden or is unavailable for some other reason for a period of time after a dog bite incident, resulting in the dog bite victim feeling compelled to undergo a series of painful and costly rabies shots.

on Mr. Bixler's description of the attack.[3] Finally, the record established that, although Appellant presented Warden Newman with dog licenses for 2006, he did not provide Warden Newman with licenses for 2005, when the attack occurred. Moreover, Warden Newman's license search for 2005 was fruitless. Accordingly, there was sufficient evidence, be it circumstantial or otherwise, to establish the elements of section 459–201(a). Accordingly, we affirm Appellant's judgment of sentence with regard to his two convictions under section 459–201(a).

¶ 18 In sum, we affirm Appellant's sentence as it relates to his convictions under section 459–201(a) of the Dog Law, consisting of two fines of $100.00 each. However, we reverse Appellant's sentence imposed pursuant to his convictions under section 455.8 of the Rabies Prevention and Control in Domestic Animals and Wildlife Act, consisting of two fines of $25.00 each.

¶ 19 Judgment of sentence affirmed in part and reversed in part.

---

**3.** In other words, the trial court could properly infer, from this record, that Mr. Bixler was not attacked by a gang of puppies.