644 A.2d 747

**Jacquelyn C. WARNER**

v.

**Dean POLLOCK, Appellant.**

Superior Court of Pennsylvania.

Argued April 5, 1994.

Filed June 30, 1994.

P. Louis Derose, III, Greensburg, for appellant.

Annaliese P. Masser, Greensburg, for appellee.

Before McEWEN, DEL SOLE and BROSKY, JJ.

BROSKY, Judge.

 This is an appeal from an order dismissing appellant's "appeal" from a recommended order of support. Appellant, in three numbered issues, essentially argues that Westmoreland County Rule W1910.11 is in conflict with Pa.R.Civ.P. 1910.11 and is, therefore, invalid in that it requires a party to recite reasons for an "appeal" from a recommended support order whereas Pa.R.C.P. 1910.11 allows a *de novo* hearing as of right. We agree, and reverse.

On April 20, 1992, appellant was ordered to pay $109 per month support to appellee for the support of the parties' minor child. Subsequently, appellant filed a petition to terminate support and appellee filed a petition to increase support. Both petitions were denied at a domestic relations hearing and

on May 10, 1993, appellant was ordered to continue paying support in the sum of $109 per month. Appellant filed an "appeal" from this order under Westmoreland County Local Rule W1910.11, but objected to stating any reasons for the "appeal" as was required under the rule. In response, the office of Child Support Advocates, on behalf of appellee, filed a motion to dismiss appellant's "appeal" due to appellant's failure to state the reasons for the appeal as required by Rule W1910.11. Argument was scheduled in which appellant's counsel argued that the Westmoreland rule conflicted with Pa.R.Civ.P. 1910.11 and that appellant should not be required to state any reasons for "appealing" the prior order. The court responded by filing an order which deemed the appeal "perfected" providing that appellant file his reasons for the appeal within ten days. Appellant did not file any reasons and an order was entered dismissing the "appeal." This appeal from the court's order followed.

The Pennsylvania Rules of Civil Procedure establish two separate procedures for expediting support matters. Rule 1910.10 indicates that an action in support will proceed under the provisions of Rule 1910.11 unless the court by local rule adopts the alternative hearing procedures set forth in Rule 1910.12. Westmoreland County, by passage of Rule W1910.11 and by failure to adopt the alternative hearing procedure of Rule 1910.12, ostensibly is governed by the provisions of Pa.R.Civ.P. 1910.11. Under this rule, a support matter proceeds by conference with a hearing officer who then, among other things, makes a recommendation of a support order. The court then receives the recommendation and may, without a hearing, enter an order upon the recommendation. Either party may then demand a hearing before the court which shall be *de novo*. The relevant provisions of Pennsylvania Rule of Civil Procedure 1910.11 state:

(f) If an agreement for support is not reached at the conference, the court, without hearing the parties, may enter an appropriate order after consideration of the recommendation. The order shall state that any party may within ten days after the mailing of the notice of entry of the order

file a written demand with the domestic relations section for a hearing before the court.

. . . . .

(i) If the court does not enter an order under subdivision (d) or (f) within five days of the conference, or if an order is entered and a demand for a hearing before the court is filed, there shall be a hearing *de novo* before the court ...

The Westmoreland version of Rule 1910.11[1] states:

b. A fee in the amount of $50.00 shall be paid to the Domestic Relations Office when an appeal from a recommended order is filed.

c. A copy of the appeal shall be sent by the party taking the appeal to the opposing party and/or his or her counsel. A cross-appeal may be filed within ten (10) days of receiving notice of the appeal.

d. Each appeal shall set forth the date of the order from which the appeal is taken and the errors of fact, law, or mathematical computation that are the reasons for the appeal.

e. Appeals not filed in compliance with this rule are subject to dismissal upon motioned (sic) filed by a party or the Court on its own motion.

Westmoreland County Rule W1910.11 is clearly inconsistent with the Pennsylvania version of that rule in several respects. First, under the Pennsylvania Rule, either party may demand a hearing before the court, 1910.11(f), which hearing shall be *de novo*. Rule 1910.11(i). The rule does not require that a party state any grounds for the demand for a hearing, nor are any restrictions placed upon one's right to a *de novo* hearing.[2]

---

1. We quote here the text of the rule provided to us by appellant in his brief. This version of the rule was effective July 1, 1992, and is presumably the version in effect at the time in question. The latest version of Rule W1910.11, effective April 1, 1994, is worded somewhat differently in subparagraph c, but is virtually identical in all relevant aspects.

2. The Westmoreland rule does not indicate what constitutes sufficient reasons for appealing a recommended order, nor does it indicate that the appeal is "as of right." However, by requiring the stating of

Secondly, under the rule one does not request a hearing before the court, but rather one is empowered to "demand" a hearing before the court. The wording clearly recognizes that one is entitled to a hearing before the court if one so chooses. Of course, when it is considered that the obligor, under a support determination, is being *ordered* to pay a sum of money, the provision of a hearing would seem necessary to satisfy due process concerns. What may be lost by the provision of a conference with a hearing officer and the recommendation of a support order is the sense of entitlement to a true court hearing prior to the issuance of an order of court. Under the present procedure a conference in front of a hearing officer is used initially because "in a large percentage of cases the parties will agree upon an amount of support ..., thus dispensing with a judicial hearing." Explanatory Comment to Rule 1910.11. Thus, the conference system lessens what would otherwise be an undue burden upon the judicial system by providing what is essentially a *de facto* voluntary dispute resolution or mediation system which will, in many cases, eliminate the need to use judicial resources. However, the provision of the conference system probably should not be thought of as eliminating the need for, or the elimination or modification of one's right to, a court hearing.

Thirdly, under the Pennsylvania rule one demands a hearing, one does not file an appeal. This may sound like an exercise in semantics but an "appeal" is very different in nature than a *de novo* hearing. A *de novo* hearing is "full consideration of the case anew." *D'Arciprete v. D'Arciprete,* 323 Pa.Super. 430, 470 A.2d 995 (1984). "The reviewing body is in effect substituted for the prior decision maker and redecides the case." *Commonwealth v. Gussey,* 319 Pa.Super.

reasons the rule at least creates an impression that the reasons must be valid or sufficient under some unknown standard in order to "appeal" from the recommended order thereby raising questions as to what would occur should there be a difference of opinion between the parties, or a party and the court, as to the legitimacy of the reasons for the appeal. However, by allowing a party to demand a *de novo* hearing and by not requiring a party to state grounds for such request, the state rules essentially allow a party his or her day in court for any reason important enough to make the party demand such.

398, 466 A.2d 219, 222 (1983). An appeal connotes an assertion of specific error, and an "appeal" to the higher court to correct that error or review the lower court's decision. To the extent the Westmoreland rule creates an impression that the "appeal" to the court is limited in scope to the reasons stated when taking the "appeal," it is inconsistent with Rule 1910.11 and should not control.

The Westmoreland rule is further inconsistent in that it allows for a "cross-appeal" by the other party thereby suggesting or implying that if the non-"appealing" party does not file a "cross-appeal" he or she may be precluded from asserting error below or advocating a different support obligation than the one reached by the hearing officer. However, the filing of a "cross-appeal" would be unnecessary if a *de novo* hearing is taking place. Once one of the parties demanded a hearing each would be entitled to litigate as if it were the first proceeding. To the extent a litigant in Westmoreland County who does not file a "cross-appeal" is limited with regard to the evidence or arguments which can be presented in the "appeal" hearing due to the failure to file a "cross-appeal" the rule abridges that litigant's rights under the Pennsylvania rule.

In Pennsylvania, local rules of court are valid to the extent they do not conflict with the Pennsylvania Rules of Civil Procedure. *Ricci v. Ricci*, 318 Pa.Super. 445, 465 A.2d 38 (1983). A local rule which abridges, enlarges or modifies substantive rights of the litigants will be found to be invalid. *Miller v. Hild*, 303 Pa.Super. 332, 449 A.2d 714 (1982). We must conclude that the Westmoreland County Rule W1910.11, by requiring a statement of reasons for appeal from a recommended order, in the least modifies and possibly abridges a litigant's right to a *de novo* hearing granted under Pa.R.Civ.P. 1910.11. As we stated in *Groner v. Groner*, 328 Pa.Super. 191, 476 A.2d 957 (1984), "[t]he rule [allowing a *de novo* hearing] is directive, not elective, and appellant is entitled to his day in court." Id., 476 A.2d at 959. The Westmoreland rule is inconsistent with the Pennsylvania Rule in that it requires of a litigant more than the Pennsylvania rules do. Further, to the extent one can be denied a *de novo* hearing due to non-

compliance, it abridges that right upon grounds not found in the Pennsylvania rule.

We are also concerned that the Westmoreland rule, as it is currently drafted, could create misperceptions of what is to take place should a party demand a *de novo* hearing. First, we must agree with appellant that under Pa.R.Civ.P. 1910.11 a litigant has an absolute right to his/her day in court should it be desired. Second, that hearing shall be *de novo* and not limited in scope. Third, there would be no need for the demanding party's opponent to also make a demand for a hearing or take an "appeal" from the recommended order. To the extent Westmoreland County Rule W1910.11 is inconsistent with these points the rule is invalid.[3]

We acknowledge the trial court's position that the Westmoreland rule benefits litigants by alerting the court to possibly complicated cases or ones which would require a greater amount of time than average. Alerted to these matters the court can schedule hearings in a more efficient manner. This may be true, however, Pa.R.Civ.P. 1910.11(j)(1) also allows litigants to move the court for a separate listing for these very same reasons.

In light of the above, we conclude that it was error to dismiss appellant's request for a *de novo* hearing.

Order reversed, remanded for a *de novo* hearing. Jurisdiction relinquished.

---

**3.** This is not to say that the Westmoreland Rule cannot ask of its litigants to set forth the general reasons for demanding a hearing. However, such a provision may have to be set forth in elective fashion, dismissal for failure to comply is improper.