J-A05003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JILLIAN M. MONTGOMERY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL R. MONTGOMERY | : | |
| | : | |
| Appellee | : | No. 880 WDA 2016 |

Appeal from the Order May 23, 2016
In the Court of Common Pleas of Mercer County
Domestic Relations at No(s): 00181 DR 2015

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and MOULTON, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED MAY 15, 2017**

Appellant, Jillian M. Montgomery ("Mother"), appeals from the order entered in the Mercer County Court of Common Pleas, which modified the child support obligations of Appellee, Michael R. Montgomery ("Father"). We vacate and remand for further proceedings.

The relevant facts and procedural history of this case are as follows. The parties married in October 2005, and separated in April 2015. They have two minor daughters together, born in July 2006 and June 2008, respectively. Relevant to this appeal, Mother is the contingent beneficiary of a spendthrift trust. Mother filed a complaint for spousal and child support on April 21, 2015. On May 18, 2015, Father filed a complaint for divorce and equitable distribution. A Domestic Relations officer held an initial support conference on May 26, 2015. Following the conference, the Domestic Relations officer issued a report and recommendation, which the court

adopted and entered as an interim support order on June 3, 2015,[1] requiring Father to pay spousal and child support in the combined amount of $3,095.79/month ($1,675.81 spousal; $709.99 per child), plus arrears.[2] The order contained a "NOTICE OF RIGHT TO REQUEST A HEARING," advising the parties they had until June 23, 2015 to request a *de novo* hearing before the trial court. Father timely requested a *de novo* hearing.

On June 30, 2015, the court scheduled the *de novo* hearing for August 5, 2015. Father filed a motion on July 21, 2015, for separate listing of the *de novo* hearing, alleging, *inter alia*, that Mother is the beneficiary of a sizeable trust, so there are complex issues with respect to Mother's income. Father requested the matter to be listed separately for a two-hour hearing. The court granted Father's request and rescheduled the *de novo* hearing for September 8, 2015.

_____

[1] The June 3, 2015 support order is marked a "final" order. Nevertheless, under Pa.R.C.P. 1910.11(f), the order is considered an interim order. **See** Pa.R.C.P. 1910.11(f) (stating if agreement for support is not reached at conference, court shall enter interim order calculated in accordance with guidelines and substantially in form set forth in Rule 1910.27(e); each party shall be provided, either in person at time of conference or by mail, with copy of interim order and written notice that any party may, within twenty days after date of receipt or date of mailing of interim order, whichever occurs first, file written demand with domestic relations section for hearing before court).

[2] The court modified its support order on June 5, 2015, to remove a credit that had incorrectly been issued to Father. The modification order altered the amount of arrears Father owed but did not alter his monthly support obligations.

The parties subsequently engaged in discovery and the *de novo* hearing was continued due to disputes which arose during that process, particularly pertaining to matters concerning the trust. The court held the *de novo* hearings on December 15-16, 2015. Father testified at the hearings, *inter alia*, that he works for a mechanical contracting company called Power Piping, which installs piping and equipment for power plants, steel plants, and gas plants. The company hired Father at an annual salary of $150,000.00. On February 2, 2015, Father claimed his employer asked Father to take a pay reduction of approximately nine percent due to the company's financial difficulties. Father accepted the pay reduction between February and August 2015, after which Father's salary was reinstated to $150,000.00 annually. Father also enjoys certain employee perquisites such as a monthly car allowance, gas card, and cell phone bill payment. Father said his car allowance was terminated during the period of the pay reduction.

Mother testified, *inter alia*, that she is primarily a homemaker. She works part-time at Justice clothing store. Mother is also on the "call" list to be a substitute teacher's aide; at the time of the December 2015 hearings, she had not been called to work. Additionally, Mother operates a spray tanning business out of her home called "Color Me Caramel." The business is seasonal and not profitable. Mother explained she is one of several contingent beneficiaries of a spendthrift trust. Mother said she has no right

to distributions from the trust and any distributions from the trust are subject to the trustee's sole discretion. Mother admitted she has requested distributions from the trust on several occasions, and the trustee granted each request. Mother claimed she has received no distributions from the trust since January 2015. Mother insisted she signed a promissory note on January 15, 2015, obligating her to repay the trust $8,000.00. At the time of the December 2015 hearings, Mother had not made payment on the note. Mother conceded she did not execute promissory notes in the past to repay the trust prior to execution of the January 2015 note. Mother also stated her parents provide financial assistance when she needs extra money for the children.

At the conclusion of the hearings, Mother's counsel argued the court should calculate Father's income at $150,000.00/year and take into account Father's monthly car allowance, gas card, and cell phone payment in determining Father's support obligation. Mother said Father should claim one of the parties' children as a dependent and file his taxes as "head of household." Mother insisted any trust distributions she received do not constitute "income" for purposes of support.

Father said he would not dispute using $150,000.00/year as his income for purposes of calculating support. Father suggested the court should not consider his vehicle and cell phone perquisites because his car requires a lot of maintenance as a result of his travel for work, so the car

allowance and gas card offset that burden. Father also said he uses his cell phone predominately for work so he should not be penalized for enjoying that perquisite. Father contested Mother's position regarding the trust distributions. Following argument from the parties, the court stated it would take the matter under advisement. Mother submitted a supporting brief in favor of excluding the trust distributions from the calculation of her income for purposes of support.

The court issued a decision on December 21, 2015, concluding: (1) Father's perquisites should be added to his income for purposes of calculating support; and (2) any distributions Mother received from the trust should not be included in Mother's monthly income. The court remanded the matter to the Domestic Relations office for recalculation of Father's support obligation consistent with the court's decision. On December 24, 2015, the Domestic Relations office issued a report and recommendation, which the court adopted as a final court order that day, calculating Father's combined spousal and child support obligation at $4,530.67/month ($2,694.35 spousal; $918.16 per child), plus arrears. The Domestic Relations officer's report and recommendation included Father's car allowance in its calculation but inadvertently omitted Father's other perquisites, such as his gas card and cell phone payment. The support order attached a "NOTICE OF RIGHT TO REQUEST A HEARING," advising the parties they had until January 18, 2016 to request a *de novo* hearing. Father timely requested a *de novo*

hearing on January 15, 2016.

On April 4, 2016, Mother filed a motion to strike or to limit issues for the *de novo* hearing and to request written positions. Mother argued the parties already had one *de novo* hearing and were not entitled to a second one. Mother suggested the court could entertain written positions regarding any of Father's alleged errors in the support calculation to the extent they were inconsistent with the court's December 21, 2015 decision. Alternatively, Mother claimed the court should limit the issues at the second *de novo* hearing to Father's alleged errors in the support calculation but should preclude testimony on matters fully litigated at the December 2015 *de novo* hearings, including Mother's trust distributions and whether those distributions constituted income for purposes of support. The court held argument on Mother's motion to strike and denied the motion on April 4, 2016. The court, however, stated from the bench that it would not hear any testimony/evidence concerning the trust distributions as income at the second *de novo* hearing.[3]

The parties appeared for the second *de novo* hearing on April 26, 2016. At the beginning of the hearing, the court reiterated that it would not hear any testimony/evidence concerning the trust distributions as income for

---

[3] No transcript from the argument on Mother's motion to strike appears in the certified record. According to Father, the court denied Mother's motion to strike based on Mercer County's usual practice in holding subsequent *de novo* hearings in similar circumstances.

support purposes. Mother and Father each testified at the hearing. Anytime Father's counsel sought to question Mother concerning the trust distributions, the court sustained an objection by Mother's counsel. Mother testified, *inter alia*, she still works at Justice clothing store and had not yet worked as a substitute teacher's aide. Mother explained the children's extracurricular activities had increased since the December 2015 hearings. Mother also said her parents still help her out with expenses for the children. Mother testified that her parents are paying her legal fees; and she signed a promissory note, obligating her to repay those expenses.

Father testified, *inter alia*, he received a bonus in late December 2015 in the amount of $2,900.00. Father also said he received a raise on January 1, 2016. Father admitted he still enjoys the same perquisites discussed at the December 2015 hearings. Following the hearing, the court asked the parties to submit written positions.

In his written position statement, Father claimed, *inter alia*, the court should include Mother's trust distributions when calculating her income for support purposes. Father suggested that the court apply an upward deviation from the support guidelines when calculating Mother's entitlement to support, based on her receipt of trust distributions and substantial "help" from her parents. Father also contended the court misunderstood his statement at the initial *de novo* hearing that he did not dispute calculating his annual income at $150,000.00. Father insisted he meant that he did not

dispute using that figure going forward; Father did not want the court to use that figure to calculate his income during the periods in which he received a pay reduction.

Mother claimed in her written position statement, *inter alia*, the court should uphold its December 2015 decision that Mother's trust distributions do not constitute income for purposes of support. Mother also claimed the court should recalculate Father's income, accounting for the bonus he received in December 2015 and the raise he received in January 2016. Mother further claimed the Domestic Relations officer inadvertently omitted Father's gas card and cell phone perquisites in the December 24, 2015 report and recommendation.

On May 17, 2016, the court issued a decision reversing its earlier position regarding Mother's trust distributions. Specifically, the court ruled that any distributions Mother received from the trust should be included as income for purposes of support calculations. The court indicated its decision applied only to the distributions made to Mother but not to the principal of the trust itself or any undistributed income. Nevertheless, the court rejected Father's argument to apply an upward deviation for Mother based on the trust distributions. The court incorporated by reference and reaffirmed all other aspects of its December 21, 2015 decision, and remanded the matter to the Domestic Relations office for recalculation of Father's support obligation consistent with its decision.

Following recalculation, by order dated May 20, 2016 and entered May 23, 2016, the court issued a new support order, computing Father's combined support obligation at $4,148.74/month ($2,396.55 spousal; $876.10 for one child and $876.09 for the other child), plus arrears. The support order imputed to Mother's income $9,000.00 in trust distributions for 2015, but it failed to consider Father's gas card or cell phone perquisites in its calculation. Mother filed a notice of appeal on June 17, 2016. On June 27, 2016, the court ordered Mother to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Mother timely complied on July 8, 2016.

On October 30, 2016, Father filed an application to quash the appeal, contending Mother's appeal from the portion of the order pertaining to spousal support was interlocutory where the underlying divorce action was still pending. Mother filed an answer on November 2, 2016, alleging the order was immediately appealable because it was a combined spousal/child support order. Even if the order pertaining to spousal support was interlocutory, Mother maintained the portion of the order pertaining to child support was immediately appealable. On December 15, 2016, this Court issued a *per curiam* order that granted Father's motion to quash the appeal as to those issues dealing with spousal support but denied the motion to quash with regard to child support issues. ***See Capuano v. Capuano***, 823 A.2d 995 (Pa.Super. 2003) (explaining that portion of trial court order

attributable to child support is immediately appealable; however, portion of order allocated to spousal support is interlocutory during pendency of divorce).

Mother raises seven issues for our review:

(1) WHETHER THE TRIAL COURT ERRED IN DETERMINING THAT ANY DISTRIBUTIONS OF INCOME OR PRINCIPAL FROM A TRUST TO MOTHER ARE TO BE INCLUDED IN MOTHER'S MONTHLY INCOME FOR SUPPORT PURPOSES, IN LIGHT OF THE FACT THAT MOTHER DOES NOT HAVE ANY ABSOLUTE RIGHT TO DISTRIBUTIONS NOR DOES SHE ACTUALLY RECEIVE REGULAR DISTRIBUTIONS.

(2) WHETHER THE TRIAL COURT ERRED IN ADDING $9,000 OF DISTRIBUTIONS FROM A TRUST TO MOTHER'S INCOME FOR 2015 AS NO EVIDENCE WAS ENTERED IN EITHER THE DECEMBER 15 OR 16, 2015 *DE NOVO* HEARING NOR THE APRIL 26, 2016 (SECOND) *DE NOVO* HEARING REGARDING SAID DISTRIBUTIONS.

(3) WHETHER THE TRIAL COURT ERRED IN FAILING TO ADD THE VALUE OF AT LEAST $1,525 IN UNDISPUTED PERQUISITES TO FATHER'S NET INCOME FOR SUPPORT PURPOSES?

(4) WHETHER THE TRIAL COURT PROCEDURALLY ERRED IN PERMITTING A SECOND *DE NOVO* HEARING ON APRIL 26, 2016 ON [MOTHER'S] ORIGINAL SUPPORT COMPLAINT FILED ON APRIL 2[1], 2015 WHEN THE *DE NOVO* HEARING ON THE SAME COMPLAINT HAD ALREADY BEEN HELD ON DECEMBER 15 AND 16, 2015.

(5) WHETHER THE TRIAL COURT ERRED IN FAILING TO INCREASE FATHER'S INCOME AND, THEREFORE THE MONTHLY SUPPORT, WHERE MOTHER WAS ABLE TO PROVE FATHER RECEIVED A RAISE BETWEEN THE FIRST AND SECOND *DE NOVO* HEARINGS.

(6) WHETHER THE TRIAL COURT ERRED IN CALCULATING FATHER'S INCOME USING A "SINGLE" TAX STATUS, WHERE MOTHER TESTIFIED THAT SHE TOOK ONLY ONE

CHILD DEPENDENCY EXEMPTION ON HER RETURN SO THAT FATHER COULD FILE AS "HEAD OF HOUSEHOLD" STATUS, AND WHERE MOTHER SUBMITTED HER TAX RETURN TO PROVE THIS FACT.

(7) WHETHER THE TRIAL COURT ERRED IN FAILING TO ADD TO THE MONTHLY SUPPORT THE AMOUNT OF UNDISPUTED EXTRACURRICULAR ACTIVITIES FOR THE TWO CHILDREN PROVEN AT THE HEARING TO BE $84.69 PER MONTH.

(Mother's Brief at 2-3).[4]

Our standard of review over child support orders is as follows:

When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or

---

[4] Regarding her fourth issue on appeal, Mother provides no authority that precludes a court from holding a second *de novo* hearing consistent with customary county practice. Likewise, Mother fails to cite any authority to support her claim that the court's decision on the trust distributions in December 2015 constituted *res judicata*, which the court was prohibited from revisiting during the course of an ongoing support case. Mother's failure to develop adequately her fourth issue on appeal with citation to relevant authorities constitutes waiver of this issue on appeal. *See Irwin Union National Bank and Trust Company*, 4 A.3d 1099 (Pa.Super. 2010), *appeal denied*, 610 Pa. 610, 20 A.3d 1212 (2011) (explaining Superior Court will not act as counsel and will not develop arguments on behalf of appellant; when deficiencies in brief hinder our ability to conduct meaningful appellate review, we may deem certain issues waived); *Lackner v. Glosser*, 892 A.2d 21 (Pa.Super 2006) (explaining arguments which are not appropriately developed with citation to relevant authority are waived on appeal).

ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

**Kimock v. Jones**, 47 A.3d 850, 854 (Pa.Super. 2012) (quoting **Brickus v. Dent**, 5 A.3d 1281, 1284 (Pa.Super. 2010)).

For purposes of disposition, we initially consider Mother's third, sixth and seventh issues together. Mother argues she filed for "head of household" tax status, claiming one of the parties' children and her child from a previous marriage as dependents. Mother claims she left the dependency exemption for the parties' other child for Father to use. Mother insists the court considered Father's tax filing status as "single," which overstated Father's federal tax burden, where it should have considered Father as "head of household" due to the additional dependency exemption. Mother also complains the court failed to consider Father's gas card and cell phone perquisites when calculating Father's support obligation. Mother highlights the court's December 2015 decision, which stated all perquisites described in Mother's trial aide No. 1 should be included in Father's income; and her trial aide included the gas card and cell phone perquisites. Mother further contends she produced testimony/evidence at the April 2016 *de novo* hearing that the children's extracurricular activities had increased since the December 2015 *de novo* hearings. Based on this increase, Mother submits the extracurricular activities total $84.69/month, to be allocated between the parties. Mother concludes this Court should remand for a recalculation

of support due to these errors. We agree that remand is necessary.

Instantly, Father stipulates on appeal to a recalculation of support (a) for consideration of **all** of his employee perquisites (car allowance, gas card, and cell phone), (b) for consideration of his tax filing status as "head of household," and (c) for allocation between the parties of the children's extracurricular activities. (**See** Father's Brief at 2-3, 17). Thus, we decline to analyze Mother's third, sixth and seventh issues further and remand for recalculation of Father's support obligation in light of Father's stipulations.

Turning to Mother's remaining first, second, and fifth issues, Mother argues the court decided in December 2015 that Mother's trust distributions should not be considered income for purposes of calculating support. Mother asserts the court inexplicitly reversed its position on the trust distributions following the second *de novo* hearing in April 2016, even though the court had ruled it would not re-litigate the trust issue at that hearing. Mother complains the court's May 2016 support order considered $9,000.00 in trust distributions as income for Mother in 2015, based on information submitted at the initial Domestic Relations conference on May 26, 2015; the documents itemizing trust distributions were not submitted as evidence at either of the *de novo* hearings. Mother highlights both parties receive financial assistance from family to meet expenses, so this factor should not weigh in favor of either party. Mother also complains the court failed to consider, following the second *de novo* hearing, the testimony/evidence of Father's bonus and

raise since the initial *de novo* hearing. Mother concludes the court lacked authority to reverse its position on the trust issue and failed to consider Father's raise and bonus when determining support following the second *de novo* hearing, and this Court must reverse and remand for a new support calculation. We agree that relief is due.

Pennsylvania Rule of Civil Procedure 1910.11 governs the relevant support proceedings in this case:

> **Rule 1910.11 Office Conference. Subsequent Proceedings. Order**
>
> (a)(1) The office conference shall be conducted by a conference officer.
>
> * * *
>
> (c) At the conference, the parties shall furnish to the officer true copies of their most recent federal income tax returns, their pay stubs for the preceding six months, verification of child care expenses and proof of medical coverage which they may have or have available to them. In addition, they shall provide copies of their income and Expense Statements in the forms required by Rule 1910.27(c), completed as set forth below.
>
> * * *
>
> (d)(1) The conference officer shall make a recommendation to the parties of an amount of support calculated in accordance with the guidelines.
>
> * * *
>
> (f) If an agreement for support is not reached at the conference, the court, without hearing the parties, shall enter an interim order calculated in accordance with the guidelines and substantially in the form set forth in Rule 1910.27(e). Each party shall be provided, either in person

at the time of the conference or by mail, with a copy of the interim order and written notice that any party may, within twenty days after the date of receipt or the date of the mailing of the interim order, whichever occurs first, file a written demand with the domestic relations section for a hearing before the court.

\* \* \*

(i)   If a demand is filed, there shall be a hearing *de novo* before the court.  The domestic relations section shall schedule the hearing and give notice to the parties.  The court shall hear the case and enter a final order substantially in the form set forth in Rule 1910.27(e) within sixty days from the date of the written demand for hearing.

(j)(1) Promptly after receipt of the notice of the scheduled hearing, a party may move the court for a separate listing where:

   (i)   there are complex questions of law, fact or both; or

   (ii)   the hearing will be protracted; or

   (iii)  the orderly administration of justice requires that the hearing be listed separately.

   (2) If the motion for separate listing is granted, discovery shall be available in accordance with Rule 4001 *et seq*.

   *Note*: The rule relating to discovery in domestic relations matters generally is Rule 1930.5.

(k)   No motion for post-trial relief may be filed to the final order of support.

Pa.R.C.P. 1910.11(a)(1), (c), (d)(1), (f), (i), (j), (k).

"[U]nder [Rule] 1910.11[,] a litigant has an absolute right to his/her day in court should it be desired."  ***Warner v. Pollock***, 644 A.2d 747, 751

(Pa.Super. 1994). "A *de novo* hearing is full consideration of the case anew. The reviewing body is in effect substituted for the prior decision maker and redecides the case." *Id.* at 750 (internal citations and quotation marks omitted). "Once one of the parties demand[s] a [*de novo*] hearing each would be entitled to litigate as if it were the first proceeding." *Id.* Unlike an appeal, which asserts specific error(s) for the higher court to correct, the *de novo* hearing is not limited in scope to the reasons (if any) proffered for demanding the *de novo* hearing. *Id.* *See also Capuano, supra* (explaining under Rule 1910.11, any party to support action may file written demand for hearing *de novo* before trial court after court has entered support order based upon domestic relation officer's recommendation; Rule 1910.11 grants parties absolute right to *de novo* hearing on issues surrounding support order; at hearing *de novo*, parties must be permitted to present evidence in support of their respective positions).

Instantly, following Father's request for a second *de novo* hearing, Mother filed, on April 4, 2016, a motion to strike or to limit issues for the *de novo* hearing and to request written positions. Mother argued the parties already had one *de novo* hearing and were not entitled to a second one. Mother suggested the court could entertain written positions regarding any of Father's alleged errors in the support calculation to the extent they were inconsistent with the court's December 21, 2015 decision. Alternatively, Mother claimed the court should limit the issues at the *de novo* hearing to

Father's alleged errors in the support calculation but should preclude testimony on matters fully litigated at the December 2015 *de novo* hearings, including Mother's distributions from the trust and whether those distributions constituted income for purposes of support. The court subsequently held argument on Mother's motion, and denied the motion on April 4, 2016. Nevertheless, the court stated from the bench it would not hear any testimony/evidence concerning the trust at the second *de novo* hearing.

The parties appeared for the second *de novo* hearing on April 26, 2016. At the beginning of the hearing, the court reiterated that it would not hear any testimony/evidence concerning the trust. Mother and Father each testified at the hearing. Anytime Father's counsel sought to question Mother concerning the trust, the court sustained an objection by Mother's counsel. During the course of the hearing, Father admitted he received a bonus in late December 2015 in the amount of $2,900.00. Father also said he received a raise on January 1, 2016. Following the hearing, the court took the matter under advisement and directed the parties to submit written position statements.

In his written position statement, Father claimed, *inter alia*, the court should include Mother's trust distributions when calculating her income for support purposes. Father suggested the court apply an upward deviation from the support guidelines when calculating Mother's entitlement to support

based on her receipt of trust distributions and substantial "help" from her parents. Mother claimed in her written position statement, *inter alia*, the court should uphold its December 2015 decision that Mother's trust distributions do not constitute income for purposes of support. Mother also claimed the court should recalculate Father's income, accounting for the bonus he received in December 2015 and raise he received in January 2016.

On May 17, 2016, the court issued a decision reversing its earlier position regarding Mother's trust distributions. Specifically, the court ruled that any distributions Mother received from the trust should be included as income for purposes of support calculations. The court indicated its decision applied only to the distributions made to Mother but not to the principal of the trust itself or any undistributed income. Nevertheless, the court rejected Father's argument to apply an upward deviation for Mother based on the trust distributions. The court incorporated by reference and reaffirmed all other aspects of its December 21, 2015 decision, and remanded the matter to the Domestic Relations office for recalculation of Father's support obligation consistent with its decision.

We cannot agree with the court's decision under the unique facts of this case. Initially, once the court granted Father's request for a second *de novo* hearing, it was obligated to hear the support matter "anew" and not limit the scope of the hearing. **See Capuano, supra**; **Warner, supra**. Thus, the court should have admitted testimony/evidence concerning

Mother's trust distributions along with any other relevant evidence for purposes of calculating support. After the court decided not to allow re-litigation of the trust issue at the second *de novo* hearing, the court reversed its decision on the trust distributions. Further, the court's May 20, 2016 support order calculated Mother's trust distributions using documents submitted before the Domestic Relations officer at the initial May 26, 2015 support conference, which were not admitted at any of the *de novo* hearings in this case. Under these circumstances, the court's ruling that it would not re-litigate the trust issue deprived Mother of a full and fair opportunity to present testimony/evidence about the trust distributions at the April 26, 2016 *de novo* hearing. **See Capuano, supra**. **See also Warner, supra** (explaining when one party demands *de novo* hearing, each party is entitled to litigate as if it were first proceeding). Additionally, despite Father's admission at the second *de novo* hearing that he received a bonus and raise since the initial *de novo* hearings, the court's May 17, 2016 decision discussed only the trust issue and did not provide for a recalculation of Father's support obligation based on his increase in income or give any reason to exclude Father's bonus and raise in his income upon recalculation.

Therefore, the best resolution of this case is to remand for further proceedings. Upon remand, the court shall: (1) direct the Domestic Relations office to recalculate Father's child support obligation consistent with Father's stipulations regarding his employee perquisites, tax filing

status, and the children's extra-curricular activities; (2) instruct the Domestic Relations office to include Father's raise and bonus as income based on the testimony/evidence presented at the second *de novo* hearing; and (3) hold another hearing concerning whether Mother's trust distributions should be included as income for purposes of support, during which both parties will have an opportunity to present legal argument as well as testimony/evidence regarding the amount of distributions Mother has received from the trust. For the sake of judicial economy, the parties should also present any changed circumstances at this remand hearing. The remand hearing shall be limited to these matters and not constitute a "*de novo*" hearing under Rule 1910.11. Accordingly, we vacate the May 20, 2016 support order and remand for further proceedings consistent with this decision.

Order vacated; case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/15/2017