J-S02019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | | |
|---|---|---|---|
| B.P. | | : | IN THE SUPERIOR COURT OF |
| | Appellee | : | PENNSYLVANIA |
| | | : | |
| | v. | : | |
| | | : | |
| T.P. | | : | |
| | | : | |
| | Appellant | : | No. 1378 MDA 2019 |

Appeal from the Order Entered July 9, 2019
In the Court of Common Pleas of Wyoming County
Civil Division at No(s): 19-DR-00038

BEFORE: BENDER, P.J.E., KING, J., and MUSMANNO, J.

MEMORANDUM BY KING, J.: **FILED FEBRUARY 20, 2020**

Appellant, T.P. ("Mother"), appeals from the order entered in the Wyoming County Court of Common Pleas, which established her child support obligation to Appellee, B.P. ("Father"). We vacate and remand with instructions.

In its opinion, the trial court set forth the relevant facts and procedural history of this appeal as follows:

> [Father] and [Mother] are the natural parents of two (2) minor children, H.P., whose date of birth is [in April 2002], and M.P., whose date of birth is [in July 2008 ("Children")]. On or about April 4, 2019, [Father] filed a complaint for support with the Domestic Relations Section of [the trial c]ourt. Following a conference with the Domestic Relations Section of [the trial c]ourt on April 24, 2019, the Domestic Relations Section found the following:
>
> > Both parties appeared for [the] conference. [Father] is employed by [the Commonwealth of Pennsylvania] with average gross wages of $3,183.09/bi-wk minus $198.95 mandatory retirement & $35.02 union dues.

> [Father] provides medical coverage at a cost of $52.26 (self & 3 children). [Mother] is employed part time by the Meadows with average gross wages of $647.76/bi-wk minus $9.72 union dues. She is also employed part time by EDD with average gross wages of $310.75/bi-wk. Total…wages of approximately $25,000.00/annual.
>
> [Mother] is [a licensed practical nurse]. Average wage estimate in this geographical area is $40,000/annual. [Mother] states she worked around children's schedule. [Mother] has M/A for children as a secondary insurance. [Mother] shares 40% custody (including summers, weekends & holidays). Guidelines warrant support [in the amount] of $266.00/mth for two children. [Mother] was advised by her [attorney] to not sign agreement at conference. Recommendation entered per guidelines. [Father] to continue providing medical coverage. [Mother] responsible for 25% of unreimbursed medical exceeding $250/yr per child. Allowing [Mother] time to secure full time employment. To review in three months. $1,013.42 added to arrears (recoupment of overpayment on PACSES #950110474).

See Attached Report.[1]

Following the conference, an interim order of court was entered on April 24, 2019 stating the following:

> [B]ased upon the court's determination that [Father's] monthly net income is $4,986.09 and [Mother's] monthly net income is $1,707.72, it is hereby ordered that [Mother] pay…THREE HUNDRED SIXTEEN AND 00/100 Dollars ($316.00) a month…as follows: first payment due of $266.00/MTH SUPPORT + $50.00/MTH ARREARS.

---

[1] Although the trial court purportedly attached the Domestic Relations Section's report to its opinion, the report does not appear with the opinion in the certified record on appeal.

On May 14, 2019, [Mother] filed a request for a hearing *de novo*. A hearing was held…on July 8, 2019.[2] Following said hearing, [the trial c]ourt denied [Mother's] exceptions.

(Trial Court Opinion, filed September 11, 2019, at 1-2) (internal quotation marks omitted).

Mother timely filed a notice of appeal on July 31, 2019. On August 5, 2019, the court directed Mother to serve upon the trial judge a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b).[3] The trial court subsequently filed a responsive opinion.

Mother now raises three issues on appeal:

WHETHER THE COURT ERRED IN DENYING [MOTHER'S] EXCEPTIONS TO THE APRIL 24, 2019, INTERIM ORDER OF

---

[2] Mother appeared with counsel at the hearing, who continues to represent her on appeal. Father represented himself at the hearing, and he remains *pro se* on appeal.

[3] "[T]he judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal." Pa.R.A.P. 1925(b). "The judge's order directing the filing and service of a Statement **shall** specify…that the Statement shall be filed of record" and "that the Statement shall be served on the judge." Pa.R.A.P. 1925(b)(3)(ii), (iii) (emphasis added). Instantly, the trial court's Rule 1925(b) order stated that Mother "shall serve upon the undersigned trial judge…a concise statement of the matters complained of on appeal." (Order, dated 8/2/19, at 1). The order did not specify that Mother also needed to file of record her Rule 1925(b) statement, and the docket entries confirm that she did not file her Rule 1925(b) statement in the trial court. Because the trial court's Rule 1925(b) order did not expressly instruct Mother to file the statement, we decline to find waiver on this basis. ***See Berg v. Nationwide Mut. Ins. Co., Inc.***, 607 Pa. 341, 351, 6 A.3d 1002, 1008 (2010) (holding appellant did not waive issues by failing to serve court-ordered Rule 1925(b) statement on trial judge where express language of court's Rule 1925(b) order did not instruct appellant to serve copy of statement on trial judge).

- 3 -

COURT—UNALLOCATED BY FAILING TO CONSIDER THE ACTUAL AMOUNT OF TIME THE MINOR CHILDREN WERE IN THE PHYSICAL CUSTODY OF [MOTHER] FOR THE PURPOSES OF CALCULATING AN AMOUNT ALLOTTED FOR CHILD SUPPORT?

WHETHER THE COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN CALCULATING THE ACTUAL AMOUNT OF TIME THE MINOR CHILDREN WERE IN THE PHYSICAL CUSTODY OF [MOTHER] FOR THE PURPOSES OF CALCULATING AN AMOUNT ALLOTTED FOR CHILD SUPPORT?

WHETHER THE COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN FAILING TO CONSIDER THE TOTAL OVERALL AMOUNTS OF INCOME AS TESTIFIED TO BY [MOTHER] AS TO BOTH HER INCOME AND THAT OF [FATHER] FOR THE PURPOSES OF CALCULATING CHILD SUPPORT?

(Mother's Brief at 11).

In her three issues,[4] Mother argues her testimony at the *de novo* hearing established that: (1) following the entry of a custody order on March 15, 2019, Mother had primary physical custody of Children for at least five days in any given week; and (2) Father's partial physical custody of Children was limited to his days off from work. Mother insists Father did not contest or contradict Mother's testimony regarding her amount of custody during his cross-examination of Mother or during his own testimony. Under these

---

[4] Although Mother's statement of questions involved lists three issues, the argument section of her brief is not divided into three separate parts. *See* Pa.R.A.P. 2119(a) (mandating that argument section of brief shall be divided into as many parts as there are questions to be argued). Thus, we address Mother's claims together.

- 4 -

circumstances, Mother submits the evidence of record did not support the trial court's determination that Mother had forty percent (40%) of physical custody.

Additionally, Mother emphasizes her testimony that Father made approximately $90,000.00 per year as a corrections officer. Mother also notes the Domestic Relations Section allocated an income of $93,000.00 to Father. Although Father testified that his actual gross income was less than both amounts, Mother contends Father failed to submit any evidence to support his own, self-serving testimony. Mother concludes this Court must reject the trial court's findings regarding her amount of physical custody and Father's income. We agree in part.

Our standard of review over child support orders is as follows:

When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

*Kimock v. Jones*, 47 A.3d 850, 854 (Pa.Super. 2012) (quoting *Brickus v. Dent*, 5 A.3d 1281, 1284 (Pa.Super. 2010)).

"[U]nder Pa.R.C.P. 1910.11[,] a litigant has an absolute right to his/her

day in court should it be desired." ***Warner v. Pollock***, 644 A.2d 747, 751 (Pa.Super. 1994). "A *de novo* hearing is full consideration of the case anew. The reviewing body is in effect substituted for the prior decision maker and redecides the case." ***Id.*** at 750 (internal citations and quotation marks omitted). "Once one of the parties demand[s] a [*de novo*] hearing each would be entitled to litigate as if it were the first proceeding." ***Id.*** ***See also Capuano v. Capuano***, 823 A.2d 995 (Pa.Super. 2003) (explaining under Rule 1910.11, any party to support action may file written demand for hearing *de novo* before trial court after court has entered support order based upon domestic relation officer's recommendation; Rule 1910.11 grants parties absolute right to *de novo* hearing on issues surrounding support order; at hearing *de novo*, parties must be permitted to present evidence in support of their respective positions).

Instantly, Mother testified that she had primary physical custody of Children for at least five days per week during the months of June, July, and August in 2019.[5] (***See*** N.T. Hearing, 7/8/19, at 9). Mother explained that Father exercised his periods of partial physical custody on his days off from work. (***Id.***) Mother also stated she had primary physical custody prior to March 15, 2019, and that the amount of her custody was "like what it is now

---

[5] Prior to Mother's testimony, her counsel asked the trial court to take judicial notice of the parties' March 15, 2019 custody order. Although the trial court agreed to counsel's request, a copy of the order is not included with the certified record on appeal.

for the summer." (*Id.* at 10). Finally, Mother estimated that Father's gross annual income "was almost $90,000.00 a year." (*Id.* at 11).

During cross-examination, Father did not question Mother about her periods of physical custody. (*Id.* at 12-16). Further, Father's own testimony did not dispute the percentage of Mother's physical custody. (*Id.* at 19-20). Rather, Father elaborated on his income: "I made $72,739.00, and it was entered into Domestics that I made $93,000.00, and I have paperwork, my W-2s." (*Id.* at 19).

Following the hearing, the court reviewed the testimony and determined Mother "was unable to give an exact custody schedule." (Trial Court Opinion at 3). Therefore, the court found "there was no evidence presented to show that [Mother] had any more or less custody than forty percent (40%)." (*Id.*) The court also acknowledged the parties' conflicting testimony about Father's income, but it concluded that the Domestic Relations Section had utilized the proper amount to calculate the parties' support obligations. (*Id.*)

Regarding Father's income, the record does not reveal that the trial court ignored Mother's testimony. The trial court opinion memorialized the Domestic Relations Section's findings regarding Father's biweekly, average gross wages, plus the costs for his retirement contributions, union dues, and health insurance. (*See* Trial Court Opinion at 1). The amount of income calculated by the Domestic Relations Section, which the court adopted,

exceeded the amount proffered by Father at the hearing and appeared to comport with Mother's estimate.

Nevertheless, the record does not support the court's finding regarding Mother's percentage of physical custody. Although Mother did not "give an exact custody schedule," she unequivocally testified that she had primary physical custody of Children at the time in question. Father did not present any evidence at the *de novo* hearing to contradict Mother's testimony, and there are no other grounds to sustain the trial court's finding regarding Mother's amount of physical custody. **See Kimock, supra**; **Warner, supra**. Accordingly, we vacate the support order on this basis and remand for a new hearing. Upon remand, the parties can present evidence of any changed circumstances that are relevant to the support calculations.[6]

Order vacated; case remanded for further proceedings. Jurisdiction is relinquished.

---

[6] Our decision to remand for a new hearing is consistent with the initial recommendation of the Domestic Relations Section, which contemplated a review of the matter after three months. (**See** Trial Court Opinion at 2).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/20/2020